**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**In re Archdiocese of Milwaukee,**

      Debtor.            **Bankruptcy Case No. 11-20059-SVK**

**JOHN DOE, Claimant A-282,**

      Appellant,

      -vs-            **Case No. 13-C-419**

**ARCHDIOCESE OF MILWAUKEE,**

      Appellee.

## DECISION AND ORDER

The appellant, Claimant A-282, settled his sexual abuse claims against the Archdiocese of Milwaukee for $80,000 after participating in the Archdiocese's voluntary mediation program. Notwithstanding this settlement, A-282 filed a claim against the Archdiocese in the underlying bankruptcy proceedings, contending that his settlement agreement was fraudulently induced. The bankruptcy court ultimately granted the Archdiocese's motion for summary judgment and enforced the release in the settlement agreement. The Court can exercise jurisdiction over this appeal because the bankruptcy court's decision was a final order with respect to A-282's claim. 28 U.S.C. § 158(a); *Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1299 (7th Cir.

1997) ("Under § 158, [courts] treat as final those orders that ultimately determine a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues").

A-282's claim hinges on the admissibility of mediation communications. In Wisconsin, "no oral or written communication relating to a dispute in mediation made or presented in mediation by the mediator or a party is admissible in evidence or subject to discovery or compulsory process in any judicial or administrative proceeding." Wis. Stat. § 904.085(3). One exception is for an action that is "distinct from the dispute whose settlement is attempted through mediation . . ." § 904.085(4)(e). In that instance, the court "may admit evidence otherwise barred by this section if, after an *in camera* hearing, it determines that admission is necessary to prevent a manifest injustice of sufficient magnitude to outweigh the importance of protecting the principle of confidentiality in mediation proceedings generally." *Id.*

The bankruptcy court initially held that the "Debtor's objection to this proof of claim in this formal federal bankruptcy case is a distinct dispute from the mediation of a claim for abuse under a voluntary program instituted by the Debtor when there was no state or federal court case pending." November 8, 2012 Order on Claimant A-282's Motion to Introduce Communications From Mediation, at 3, Doc. 1059. On reconsideration, the bankruptcy court reversed itself and held that the bankruptcy dispute was not distinct from the dispute in mediation: "Here, the subject of the mediation was the Debtor's alleged responsibility for the reprehensible conduct of

Father Lawrence Murphy, who served at St. John's School for the Deaf, and abused deaf children, including the Claimant. When the Debtor filed bankruptcy, Claimant A-282 filed a proof of claim detailing the abuse he suffered at Murphy's hand. The subject matter of the dispute – abuse by Murphy – is the same in the mediation and the proof of claim." March 4, 2013 Memorandum Decision on Reconsideration of Mediation Communications Order, at 4, Doc. 1559.

As an initial matter, A-282 argues that Wisconsin's mediation privilege is trumped by the Federal Rules of Evidence. To the contrary, Rule 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Wisconsin law "supplies the rule of decision" for the appellant's fraudulent inducement claim. Bankruptcy courts routinely apply state law in this context. *See, e.g., In re Logistics Info. Sys., Inc.*, 432 B.R. 1, 8-9 (D. Mass. 2010) ("Massachusetts law 'supplies the rule of decision' as to the fraudulent conveyance claim. Because the mediation statute is fairly understood as creating an evidentiary privilege, the bankruptcy court did not err in excluding the settlement").

As to the proper interpretation of the statute, A-282 argues that his claim for fraudulent inducement is distinct from the claims that were mediated. It is true, for example, that claims for battery and negligence have different elements of proof than a claim for fraudulent inducement, but the statute uses the term "dispute," not "claim." § 908.085(4)(e) ("In an action or proceeding *distinct from the dispute* whose settlement is attempted through mediation, the court may admit evidence otherwise barred by this

- 3 -

section . . .") (emphasis added). Here, the claims may be different, but the dispute regarding the extent of the Archdiocese's liability is the same. Obviously, the entire purpose of the mediation was to settle A-282's claims against the Archdiocese as they relate to being abused by Father Murphy. Now, A-282 seeks to undo that settlement so he can extract more money from the Archdiocese for being abused by Father Murphy. This violates the express purpose of the statute. Professor Eva M. Soeka, who chaired the committee that drafted § 908.085, explains as follows: "if a proponent's use of otherwise privileged evidence of the mediation communications were to be used to invalidate a written settlement agreement made pursuant to the mediation, it would unquestionably encompass the same underlying 'dispute' and therefore not qualify for the exception in subpart 4(e)." Soeka Affidavit, ¶ 13, ECF No. 3-5 at 102. So it is here.

The order disallowing A-282's claim is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2013.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 4 -